IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANNIE BENNETT FITCH, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-00938 |
| THE ST. PAUL'S SCHOOL FOR GIRLS, *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before the Court are three Motions for Sanctions filed by Plaintiff Annie Bennett Fitch. ECF 59, 61, 64. The first, filed on March 13, 2025, seeks sanctions against Defendant St. Paul's School for Girls ("SPSG") and its counsel, Nat Calamis and Sarah Conkright ("First Sanctions Motion"). ECF 59. The second, filed on March 27, 2025, is directed at Thomas J. Whiteford, Esq., counsel for Defendant Bra'el Taylor ("Second Sanctions Motion"). ECF 61. The third motion, filed on April 21, 2025, is also directed at Mr. Whiteford ("Third Sanctions Motion"). ECF 64. The relevant Defendants opposed the second motion and the third motion. ECF 63, 67.[1]

Plaintiff seeks sanctions against SPSG, its counsel, and Mr. Whiteford for legal positions they have taken adverse to Plaintiff in this litigation. Plaintiff claims that many of those legal positions are baseless, infirm, and necessitate sanctions. The Court disagrees. Not only are sanctions against SPSG, its counsel, and Mr. Whiteford wholly inappropriate under the circumstances, the manner and spirit in which Plaintiff's motions have been filed—repeatedly and

---

[1] "Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11." Loc. R. 105.8(b) (D. Md. 2023).

1

seemingly as punishment for an opposing party's legal arguments—may well support sanctions against Plaintiff if the practice continues. The Court has carefully considered the parties' submissions, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Plaintiffs' motions must be denied.

I.  **Factual and Procedural Background**

Because the grounds for Plaintiff's sanctions motions relate to the parties' earlier filings in this case, a brief recitation of the relevant factual and procedural history is necessary for context.

On May 18, 2024, Plaintiff Annie Bennett Fitch filed an Amended Complaint against SPSG and several individuals: Christina Ferrens, Ereni Malfa, Sabrina Murray, Katherine Grace Porter, Sara Porter, and Bra'el Taylor. ECF 17. The Amended Complaint alleged violations of federal civil rights statutes, including Title IX and 42 U.S.C. § 1983, as well as state tort claims arising from Plaintiff's experiences as a student at SPSG. *Id.*

On July 15 and 16, 2024, numerous Defendants filed separate Motions to Dismiss. Defendant Bra'el Taylor ("Taylor") also filed a Motion to Disqualify Plaintiff's Counsel, Jamie Bennett ("Bennett"). ECF 36. Defendant Taylor argued that Bennett should be disqualified because she intended to "act as both an advocate and a witness in violation of Maryland Rule 19-303.7 of the Attorneys' Rules of Professional Conduct." *Id.* Defendant Taylor explained that "Ms. Bennett is Plaintiff's mother and a necessary witness since her testimony is needed for Plaintiff to attempt to establish central, disputed facts in this case." *Id.*

The Court granted the Motion to Dismiss of Defendants SPSG, Ereni Malfa, Christina Ferrens, and Sabrina Murray, ECF 32, dismissing all of Plaintiff's federal claims.[2] ECF 52. The

---

[2] Plaintiff asserted the following federal claims: discrimination under the Americans with Disabilities Act ("ADA") (Count I); retaliation under the ADA (Count II); discrimination under

2

Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed the case. ECF 52. The Court did not address the remaining Motions to Dismiss, nor the Motion to Disqualify Plaintiff's Counsel. *Id.* The Court's dismissal order stated that "[t]his federal case will be closed, subject to reopening should Plaintiff file a motion to amend her complaint to state a viable federal claim within thirty days." ECF 52.

In response, Plaintiff filed a Motion for Leave to Amend Complaint on January 7, 2025. ECF 55. Plaintiff moved for leave to file a Second Amended Complaint pursuant to Rule 15(a), in response to the Court's order permitting amendment to cure deficiencies in Plaintiff's Rehabilitation Act claims. *Id.* Plaintiff's proposed amendments include factual allegations that protected activity and retaliatory conduct occurred after SPSG began receiving federal funding. *Id.* Plaintiff also expands on her allegations of pretext and hostile environment and reasserts her claims under Section 504 of the Rehabilitation Act. *Id.* She contends the amendment is timely, not futile, and necessary to address the deficiencies previously identified by the Court.[3] *Id.*

Defendant SPSG filed a response in opposition to Plaintiff's Motion for Leave to Amend on January 21, 2025, arguing that the proposed Second Amended Complaint is futile and that Plaintiff brought it in bad faith. With respect to futility, SPSG argued that Plaintiff failed to cure prior deficiencies under Section 504 of the Rehabilitation Act and that the allegations remain speculative and legally insufficient. *See generally* ECF 56. SPSG also argued that the school's Paycheck Protection Program loan does not qualify as federal financial assistance to support a Section 504 claim. With respect to bad faith, SPSG asserted that Plaintiff acted in bad faith by

---

Section 504 of the Rehabilitation Act (Count III); and retaliation under Section 503 of the Rehabilitation Act (Count IV). ECF 17.

[3] Plaintiff's Motion for Leave to Amend is now ripe and under review. A hearing in this matter has been scheduled for May 14, 2025.

including allegations in her proposed amended complaint that were inconsistent with claims made by her parents in a prior, related state court proceeding. SPSG urged the Court to deny the Motion to Amend for these reasons. *Id.*

Plaintiff's spree of sanctions motions followed soon thereafter. Plaintiff filed the First Sanctions Motion on February 13, 2025, and moved for sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that Defendant SPSG's opposition to Plaintiff's Motion for Leave to Amend contained unsupported accusations of bad faith. Plaintiff contends that SPSG's argument lacks any basis in law or fact. She further emphasizes she was not a party in the prior state court proceeding—only her parents were—and, therefore, she is not bound by the allegations made by the parties in that case. She continues that under Federal Rule of Civil Procedure 8, parties are expressly permitted to plead alternative or inconsistent factual theories. Plaintiff also notes that SPSG's arguments effectively seek the application of judicial estoppel, which is improper because the earlier positions taken by Plaintiff's parents in the state court action were never adopted by the court. Plaintiff requests relief in the form of an order striking the portion of SPSG's opposition in which it raised the bad faith argument, requiring SPSG to refile a corrected memorandum, and imposing monetary sanctions under Rule 11.

Plaintiff filed the Second Sanctions Motion on February 27, 2025. Plaintiff seeks sanctions against Mr. Whiteford on the ground that Defendant Taylor's Motion to Disqualify Plaintiff's Counsel was baseless and filed in bad faith. Plaintiff contends that disqualification is unwarranted because her counsel (and mother), Bennett, is not a "necessary witness" under settled federal law. Plaintiff argues that all relevant facts cited by Mr. Whiteford are either: (1) documented in emails or other exhibits, or (2) can be testified to by other available witnesses. Plaintiff further states that Mr. Whiteford failed to cite controlling legal precedent or to engage in a reasonable inquiry into

the relevant standard for disqualification. Finally, Plaintiff asserts that Mr. Whiteford improperly threatened to call Bennett as a witness to manufacture a conflict of interest, a tactic she contends constitutes an abuse of process. Plaintiff asks the Court to strike the motion, admonish counsel, and impose monetary sanctions.

Plaintiff filed the Third Sanctions Motion on April 21, 2025. In this Motion, Plaintiff, yet again, seeks sanctions pursuant to Rule 11 against Mr. Whiteford. This time, Plaintiff argues that Mr. Whiteford's opposition to Plaintiff's First Sanctions Motion falsely contends that Plaintiff's sanctions motion is moot. Plaintiff also takes offense that Mr. Whiteford opted not to address the merits of the First Sanctions Motion. Because, in Plaintiff's view, Mr. Whiteford failed to withdraw his motion and offered no defense on the merits, he misrepresented the law in violation of Rule 11, justifying sanctions.

On May 5, 2025, Defendant Taylor filed a Response in Opposition to Plaintiff's Third Sanctions Motion. ECF 67. The following day, Plaintiff filed two additional motions: a Motion for Default Ruling on the First Sanctions Motion, ECF 68 and a Motion to Shorten Time to Respond to that Motion, ECF 69. The latter two motions disregard Local Rule 105.8(b), which provides, "Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11."

II. **LEGAL STANDARD**

Rule 11 prohibits the filing of pleadings or motions by an attorney or unrepresented party for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11(b) of the Federal Rules of Civil Procedure requires attorneys to certify that "to the best of the person's knowledge, information, and belief" that, among other things, "the factual contentions" in the submissions to the court "have

evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3). Factual assertions violate Rule 11(b)(3) when they are "unsupported by any information obtained prior to filing." *Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quoting *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2016)). Rule 11(c) allows courts to impose sanctions for the violation of Rule 11. However, motions for sanctions are only appropriate "in instances of egregious misconduct." *Scott*, 2020 WL 906351, at *2. "The Court expects that motions for sanctions will not be filed as a matter of course." Loc. R. 105.8(a) (D. Md. 2023). Indeed, the filing of frivolous motions for sanctions is itself sanctionable conduct. *Scott*, 2020 WL 906351, at *2.

The purpose of Rule 11 is not compensation of the offended party, but the deterrence of future litigation abuse. *Baker v. Booz Allen Hamilton, Inc.*, No. RWT 06CV889, 2008 WL 11425679, at *1 (D. Md. Oct. 31, 2008) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1374 (4th Cir. 1991)). In addition to the behavior of the allegedly offending party, courts may also consider the behavior and conduct of the moving party. *See Cruickshank Wallace v. Mercantile County Bank*, 514 F. Supp. 2d 776, 796 (D. Md. 2007). The choice to impose sanctions under Rule 11 is within the court's discretion. *See Cruickshank Wallace*, 514 F. Supp. 2d at 795.

### III. DISCUSSION

The Court is not persuaded by Plaintiff's Sanctions Motions and finds that the conduct challenged therein does not come close to warranting sanctions.

With respect to the First Sanctions Motion, the Court finds that SPSG's reference to allegedly inconsistent allegations between Plaintiff's proposed amended complaint and a prior, dismissed state court proceeding reflects zealous advocacy, as opposed to bad faith sanctionable

conduct. There is no indication that SPSG acted in bad faith, acted to protract proceedings, or asserted frivolous arguments. *See Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012) ("[The] primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation."). At this stage in the litigation, SPSG and its counsel are entitled to assert legal defenses to Plaintiff's Motion to Amend, including challenging the adequacy of pleadings. Although Plaintiff correctly notes that Federal Rule of Civil Procedure 8(d)(3) allows a party to plead inconsistent legal theories, that provision does not prohibit a party from pointing out contradictory statements made in a different case involving the same operative facts. Because Rule 11 sanctions are reserved for egregious conduct that abuses the judicial process, this Motion fails to meet the high bar required. See *Carrasco v. M&T Bank*, No. CV SAG-21-532, 2021 WL 4846844, at *10 (D. Md. Oct. 18, 2021) (applying *Scott*, 2020 WL 906351, at *2)). Accordingly, the First Sanctions Motion is denied.

      The Court also denies the Second Sanctions Motion, which challenges Defendant Taylor's Motion to Disqualify. The Motion to Disqualify was not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," nor was it frivolous or unsupported by evidence. *See* Fed. R. Civ. P. 11; *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 400 (D. Md. 2016), *aff'd*, 730 F. App'x 174 (4th Cir. 2018). Defendant Taylor raised colorable concerns regarding potential conflicts of interest. Notably, Plaintiff's own filings make clear that Bennett is a necessary witness in this case. The Second Amended Complaint contains numerous allegations tied directly to Bennett's personal knowledge. *See, e.g.*, ECF 55-2, ¶¶ 52, 72–79, 82–83, 101, 166–68. In fact, Plaintiff portrays Bennett as the primary—or sole—individual who communicated with Defendants during the relevant period. Plaintiff's Motion to Amend further underscores her centrality, relying on Bennett's personal knowledge to justify new

allegations. *See, e.g., id.* ¶ 54. Given these facts, Defendant Taylor's Motion to Disqualify was supported by a reasonable factual and legal basis. Accordingly, the Second Sanctions Motion is denied.

Because the Court finds that Defendant Taylor's Motion to Disqualify was filed with a good faith basis and presents a colorable argument, it need not address the merits of Plaintiff's Third Motion for Sanctions.[4]

IV.  **Conclusion**

Rule 11 is designed to deter litigation abuse, not to serve as a tool for routine procedural disputes or to punish opposing parties. In evaluating whether sanctions are appropriate, courts may consider the conduct of both the alleged offending party and the movant. Indeed, the filing of a frivolous motion for sanctions is itself sanctionable conduct. *See* Local Rule 105.8(a) ("The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions."); *see also Sokos v. Hilton Hotels Corp.*, 283 F. Supp. 2d 42, 54–56 (D.D.C. 2003) (imposing sanctions on a party for bringing a frivolous motion for sanctions); *Scott*, 2020 WL 906351, at *2. The Court notes that Plaintiff has now filed multiple sanctions motions in rapid succession and reminds Plaintiff that Rule 11 is reserved for *exceptional* circumstances, not as a routine litigation tactic. Accordingly, the Court declines to impose sanctions and denies Plaintiff's

---

[4] Even if the Court were to reach the merits of Plaintiff's Third Motion for Sanctions, it would still decline to impose sanctions. The mere decision to raise mootness as a threshold issue, rather than responding to the substance of a motion, does not constitute sanctionable conduct under Rule 11. Strategic choices about how to frame legal arguments—particularly jurisdictional or procedural defenses—are well within the bounds of permissible advocacy. To the extent Plaintiff contends that the dismissal of the case does not expunge a Rule 11 violation or deprive the Court of its ability to review the underlying conduct, Defendant clarified that its mootness argument pertained only to the Motion to Disqualify, not to the issue of sanctions. ECF 67 at 4.

Motions for Sanctions, ECF 59, 61, 64. The Court further denies the motions filed at ECF 68 and 69 because counsel had no duty to respond to the Rule 11 motion absent a court order.

Dated: May 8, 2025                                                           /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge